UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK DAVID C., | |
| Plaintiff, | Case No. C24-1880-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred in assessing the medical opinion evidence and his testimony. (Dkt. # 7.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 9.) Plaintiff filed a reply. (Dkt. # 11.) Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.   BACKGROUND

Plaintiff was born in 1968, has a high school education, and has worked as a licensed practical nurse and medical assistant. AR at 31. Plaintiff was last gainfully employed in July 2017. *Id.* at 24.

In February 2019, Plaintiff applied for benefits, alleging disability as of July 2017. AR at 22. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in March 2024, the ALJ issued a decision finding Plaintiff not disabled. *Id.*

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff did not engage in substantial gainful from July 2017 to his date last insured in December 2022. AR at 24. Plaintiff had the severe impairments of degenerative changes of the spine, posttraumatic stress disorder ("PTSD"), major depressive disorder, osteoarthritis of both ankles, and obesity. *Id.* The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with some physical, mental, and social limitations. *Id.* at 26. Based on Plaintiff's mental health symptoms he was limited to a low level of work pressure, with only occasional interaction with coworkers, supervisors, and the public. *Id.*

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 13. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial

---

[2] 20 C.F.R. § 404.1520.

evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494–95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.  DISCUSSION

### A.  The ALJ Did Not Err in Evaluating Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)–(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues that the ALJ erred in evaluating Dr. Lead Eric M. Abelgas's medical opinion. The ALJ considered the opinion of Dr. Abelgas and discounted it as (1) unsupported by his exam findings and (2) inconsistent with record, and (3) inconsistent with Plaintiff's reported

ORDER - 3

activities. AR at 30. Plaintiff argues that the ALJ "erroneously rejected Plaintiff's treating source's opinion by relying on a gross mischaracterization of Plaintiff's daily living activities." (Dkt. # 11 at 5.)

Plaintiff incorrectly emphasizes the treating relationship between himself and Dr. Abelgas, citing pre-2017 caselaw to argue that "[n]ormally, [t]he opinion of a treating physician is given deference because he is employed to cure and has a greater opportunity to know and observe the patient as an individual." (Dkt. # 7 at 13 (quoting *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999)) (internal quotation marks omitted).) Because Plaintiff applied for disability benefits after March 27, 2017, revised regulations apply. 20 C.F.R. § 404.1520c. While the treating relationship is still a factor that ALJs may consider, under the revised regulations there is not an inherent persuasiveness to any source — consistency and supportability are the most important factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(c)(3).

Even if Plaintiff's argument was correct, the ALJ's unchallenged findings that Dr. Abelgas's opinion was unsupported by his exam findings and inconsistent with Dr. Cruz's medical notes would be sufficient to uphold the ALJ's reasoning. *See Woods*, 32 F.4th at 792–94 & n.4 (consistency and supportability constitute two distinct factors that should be treated separately); *Carmickle v. Comm'r Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (reasoning that even if an ALJ errs in a portion of his reasoning, such error is harmless where "the ALJ's remaining reasoning and *ultimate credibility determination* were adequately supported by substantial evidence in the record." (emphasis in original)). The Court reviews only "issues which are argued specifically and distinctly," and "will not manufacture arguments for [either party], and a bare assertion does not preserve a claim." *Childs v. San Diego Family Hous. LLC*, 714 F. Supp.

ORDER - 4

3d 1262, 1280 (S.D. Cal. 2024) (alteration in original) (parenthetically quoting *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)). Accordingly, the ALJ did not err in discounting the opinion of Dr. Abelgas.

### B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, but whether the ALJ's reasoning is clear enough to persuade. *Smartt*, 53 F.4th at 499.

Plaintiff testified that his legs go numb if he drives more than 30 minutes, though he later testified he can only sit for 10 minutes at a time, and he has pain in his feet, ankles, knees, back and shoulders which makes it so he cannot lift or bend. AR at 47–48. He uses a cane to walk, which Veterans Affairs doctors prescribed. *Id.* at 51. Without the cane he cannot stand more than ten minutes and can only walk approximately 300 feet. *Id.* He spends most of his days sitting with his feet propped up. *Id.* at 53. Doctors have not recommended any treatments for his physical disabilities beyond medication. *Id.* at 49. He also suffers from anxiety and PTSD, which causes him to have difficulty concentrating, getting along with people, "blowing up on people," memory loss and nightmares which severely limit his sleep. *Id.* at 48, 52–53. He has a maid who does all his chores for him because he cannot do any of his normal household chores. *Id.* at 53. He is not in counseling for his mental health issues, but he sees a psychiatrist twice a year and takes his prescribed medications consistently. *Id.* at 50.

The ALJ considered Plaintiff's testimony and discounted it based on (1) inconsistency with the medical evidence, (2) conservative treatment, and (3) inconsistency with his activities of daily living. AR 27–29. Plaintiff argues that the ALJ erred in evaluating his activities of daily living because they do not meet the threshold for transferable work skills. (Dkt. # 7 at 11.) Plaintiff does not challenge the ALJ's findings that the testimony was inconsistent with the medical record and that he only engaged in conservative treatment. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) (Courts will not "manufacture arguments for a[] [party], and a bare assertion does not preserve a claim.").

Plaintiff focuses on the transferability of his activities of daily living to work skills and does not address the activities which contradict his testimony. While it is true that the Ninth Circuit has held "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," an ALJ may reject a plaintiff's testimony based upon daily activities that contradict his testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Additionally, as stated above, the ALJ provided other reasons for rejecting Plaintiff's testimony which Plaintiff neither addresses nor challenges, despite the Commissioner raising these arguments. (*See* dkt. # 9 at 3–5.) As Plaintiff correctly notes, "the burden of showing that an error is not harmless 'normally falls upon the party attacking the agency's determination." (Dkt. # 7 at 3 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).) Plaintiff had not met that burden here. Accordingly, the ALJ did not err in discounting Plaintiff's testimony.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this <u>25th</u> day of April, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge